PERKINSON *v.* LAUREL HOT MIX, INC., et al.

No. 43500          April 26, 1965          174 So. 2d 391

*Walker, Dillard & Baldwin,* Laurel, for appellant.

*Melvin, Melvin & Melvin*, Laurel, for appellees.

GILLESPIE, J.

Appellants' claim for workmen's compensation benefits was denied in turn by the attorney-referee, the Commission, and the circuit court.

The evidence was to some extent conflicting, but there was substantial evidence to justify the Commission in finding the facts as next stated. Appellant-claimant was told by an official of Laurel Hot Mix, Inc., employer, to go to the employer's plant in Laurel to report for work. Claimant rode to the employer's plant with Mike Holmes, who was also being hired by employer. They used a pickup truck belonging to Holmes' father. When they arrived at the plant, they were told where the work was to start in Covington County. Holmes and claim-

ant then drove to the job site in Covington County and worked that day, after which they drove in the Holmes truck to Ellisville where both men lived. The second day Holmes and claimant used the same transportation to drive to the job site and they worked until late in the afternoon. Holmes was driving the same truck, with claimant as a passenger, traveling from the job site to their homes in Ellisville when a tie rod came loose and he lost control of the truck, resulting in a wreck and injuries to claimant. Employer did not order claimant to ride with Holmes, nor was Holmes paid any mileage to and from the job site. It was the responsibility of Holmes and claimant to choose their own means of transportation to and from work on their own time.

We find no merit in the contention of claimant that the order denying compensation is without substantial evidential basis, or that it is against the overwhelming weight of the evidence. This Court adhers to the general rule that the hazards encountered by employees while going to or returning from their regular place of work and off the employer's premises are not incident to employment and accidents arising therefrom are not compensable. Dunn, Mississippi Workmen's Compensation § 103 (1957), and cases therein cited. Claimant did not bring his case within any recognized exception to the stated rule.

The evidence offered by claimant and rejected by the attorney-referee was so remote in point of time that it would not have been of value in deciding the issue. It could not have had any probative value.

Affirmed.

*Lee, C. J., and Ethridge, Brady and Inzer, JJ.,* concur.